IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE RIDGE AT RED HAWK, LLC, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> JAMES SCHNEIDER and S & K DEVELOPMENT COMPANY, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br><br><br><br><br> Case No. 2:05-CV-44 TS |

Under the Texas law applicable to this diversity case, an arbitration clause that permits judicial review of a legal determination in an arbitration award covers only purely legal issues and not legal determinations that are intimately bound up with facts. Plaintiff filed this action seeking judicial review of an Arbitration Award alleging that the arbitrators' decisions on classification of claims and payments, objections to an accounting, and an objection to venue were errors of law reviewable under the terms of the arbitration clause. The Court dismisses the Complaint because it impermissibly seeks judicial review of the arbitrators' determinations of facts and of a legal issue that is intimately bound up with a factual determination.

1

Plaintiff, The Ridge at Red Hawk, LLC, (Ridge), a Utah company, and Defendants James M. Schneider and S&K Development Company, citizens of Texas, created a Texas limited partnership called Mountain Red Hawk in August of 2002.  The parties' Partnership Agreement provided for mandatory and binding arbitration of all claims,[1] written findings and conclusions by the arbitrators, and that the arbitrators' award shall not be subject to appeal,[2] except that the parties had the right to seek "vacation or modification of an award based in whole or part on an incorrect or erroneous ruling of law."[3]  The Partnership Agreement also provided that it would be construed under and governed by Texas law[4] and that arbitration of any partnership dispute "shall be conducted in the principal place of business of the party against whom arbitration proceedings are brought."[5]

On January 14, 2005, Ridge filed the Complaint in the present case seeking to vacate or modify the December 30, 2004, Arbitration Award on the basis of alleged incorrect rulings of law, such as classification of claims and payments and an objection to an accounting.[6]  On April 28, 2005, Ridge filed an Amended Complaint alleging that the Arbitration panel "made incorrect rulings of law.  Among other things, the panel misclassified claims owed by the Partnership, misclassified payments made to the

---

[1] Complaint, Ex. A at § 14.16(a).

[2] *Id*. at §14.16(b) & (e).

[3] *Id.* at §14.16(e).

[4] *Id*. at §14.4.

[5] *Id*. at § 14.16(g).

[6] Docket No. 1.

partnership, [and] improperly overruled objections by The Ridge to venue and the Partnership's accounting."[7]  Copies of the Partnership Agreement and the Arbitration Award are attached as exhibits to the Amended Complaint.

The Arbitration Award notes that "all parties to this arbitration have previously stipulated in writing . . . that they each waive any requirement in the arbitration agreement . . . that 'the arbitrators shall make specific, written findings of fact and conclusions of law.'"[8]

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) on the basis that the arbitration panel's decisions were findings of fact, results premised on findings of fact or a mixed question of law and fact that may not be revisited on appeal.  In support of this position, Defendants rely on the Fifth Circuit case *Harris v. Parker College of Chiropractic*.[9] In *Harris*, as in the present case, the arbitration agreement was governed by Texas law. The *Harris* arbitration agreement provided for binding arbitration "although each party shall retain his right to appeal any questions of law."[10]  The Fifth Circuit held that where the arbitrator's legal determinations are intimately bound up with the facts, to allow *de novo* review of such mixed questions would render the binding nature of the arbitration

---

[7]Docket No. 4, Amended Complaint at ¶ 10.

[8]Arbitration Award at ¶ 10 (quoting and citing § 14.16(e) of the Partnership Agreement).

[9]286 F.3d 790 (5th Cir. 2002).

[10]*Id*. at 793.

meaningless. Thus, the phrase, "questions of law" was construed as "referring only to 'pure' questions of law."[11]

Ridge responds to the Motion by contending that it has met the requirements of Rule 12(b)(6) by alleging that there are errors of law. It also argues that under Texas law, the review of a venue determination does not entail a factual review.

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Ridge as the nonmoving party.[12] In so doing, a court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[13] A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling it to relief under its theory of recovery.[14] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[15] But, the court "need not

---

[11] *Id.* at 794.

[12] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[13] *County of Santa Fe, N.M. v. Public Service Co.*, 311 F.3d 1031, 1035 (10th Cir. 2002); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (written documents attached to the complaint as exhibits may be considered part of the complaint).

[14] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[15] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

accept conclusory allegations without supporting factual averments."[16]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17]  "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[18]

The Partnership Agreement and the Arbitration Award are referenced in and attached to the Complaint, are central to Ridge's claims and neither party challenges their authenticity. As such they may be considered together with the Complaint in determining whether Ridge states a claim for judicial review of the challenged arbitration decisions.[19]

The Court rejects Ridge's position that it has met its burden opposing a Motion to Dismiss by its conclusory allegations that the arbitration panel made incorrect conclusions of law. The Court need not presume correct either such a "conclusory allegation without supporting factual averments"[20] or "mere legal conclusions or factual claims at variance with the express terms of [exhibits that Ridge] attached to its Complaint."[21]

---

[16] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall,* 935 F.2d at 1110.

[17] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[18] *Hall*, 935 F.2d at 1110.

[19] *Hall*, 935 F.2d at 1112.

[20] *Hall*, 935 F.2d at 1110.

[21] *Olpin v. Ideal Nat. Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

Reviewing the Arbitration Award, its plain language reveals that the arbitrators' determinations on the classification of claims and payments and on the objection to the accounting are factual findings.[22]  As such, the terms of the Partnership Agreement expressly exclude these matters from judicial review.[23]

Concerning the venue determination, Ridge alleges that "[i]n the Arbitration Award, the panel made incorrect rulings of law. . . . the panel . . . improperly overruled objections by The Ridge to the venue."[24]  But Ridge does not cite to any express decision in the Arbitration Award overruling an objection to venue as alleged in its Amended Complaint.  To the extent that a ruling on an objection to venue is implicit in the Arbitration Award,[25] by waiving the requirement for written findings and conclusions, Ridge has effectively waived its right to have review of any such unstated conclusions of law.  It is not possible for a court to determine whether an arbitration award is "based in whole or in part on an

---

[22] *See* Arbitration Award, preamble (having duly heard the proofs and allegations, of the parties, hereby unanimously FIND and AWARD as follows . . . ") (emphasis in original) and § § 3 ("Based on the Panel's weighing of all the evidence . . . ); 4 (the Panel finds and awards as follows); 7 (The Panel finds such amount. . . ); 8 ("the Panel specifically finds . . . ); 10 ("the determinations above constitute the Panel's findings of fact, and the Panel expressly finds that the classification of claims and priority of payment/distribution set forth . . . , above, are just and equitable and within the scope of the Agreement").

[23] Partnership Agreement § 14.16(e) ("The arbitrators' findings of fact shall be binding on all parties and shall not be subject to further review except as otherwise allowed by applicable law.").

[24] Amended Complaint at ¶ 10 (underlined emphasis added).

[25] *See Ansari v. Qwest Communications Corp.*, 414 F.3d 1214 (10th Cir. 2005) (presuming that arbitrator will decide all issues of fact and law necessary to resolve disputes including alleged waiver of arbitration agreement's venue selection clause).

incorrect or erroneous ruling of law" where the objecting party waived the requirement that the arbitration panel's decisions be supported by "specific written findings of fact and conclusions of law."[26]

Further, the Court finds that any application of the Partnership Agreement's venue provision at issue[27] would necessarily have resulted from a factual finding on the issue of which party was "the party against whom the arbitration proceedings are brought."[28] In the related context of statutory venue under Texas law, Texas courts have held that review of a challenged decision denying a change of venue motion requires "examination of the entire record, including trial on the merits," to determine if there "is any probative evidence" that venue was proper where the trial was held.[29] Thus, even if the Partnership Agreement's venue provision were mandatory,[30] a decision thereunder must be "intimately bound up with the facts" and under *Harris*, is not the type of "pure" question of law [31] that is subject to judicial review pursuant to the terms of the parties' agreement to arbitrate.

---

[26] Partnership Agreement at ¶ 14.16(e).

[27] *Id.* at ¶ 14.16(g).

[28] *Id.*

[29] *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993) (review of order denying motion to change venue).

[30] *See K & V Scientific Co., Inc., v. BMW*, 314 F.3d 494, 498-500 (10th Cir. 2002) (collecting cases that examined whether venue selection clauses were mandatory or permissive).

[31] *Id.* at 794.

Because Ridge has failed to plead sufficient allegations to support an order vacating the arbitration award due to incorrect or erroneous rulings of law, the Court grants Defendants' Motion to Dismiss.  It is therefore

ORDERED that Defendants' Motion to Dismiss [Docket No. 18] is GRANTED.

The clerk of court is directed to close this case forthwith.

DATED  December 9, 2005.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge