IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE RIDGE AT RED HAWK, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES SCHNEIDER and S & K DEVELOPMENT COMPANY, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND JUDGMENT AND TO AMEND COMPLAINT<br><br><br><br>Case No. 2:05-CV-44 TS |

This matter is before the Court on Plaintiff's Rule 59 Motion to Alter or Amend Judgement and to Amend Complaint and Request for Oral Argument.[1] The Judgment at issue is the Court's dismissal of the Amended Complaint because it impermissibly sought judicial review of the Texas arbitrators' determinations of facts and of a legal issue that was intimately bound up with a factual determination.[2]

---

[1] Docket No. 28.

[2] Docket No. 27.

Plaintiff seeks to vacate the dismissal order, and to reinstate his Amended Complaint, or to allow amendment to supply additional facts .

A Rule 59(e) motion to alter or amend the judgment should be granted only "'to correct manifest errors of law or to present newly discovered evidence.'"[3] "A party cannot invoke Rule 59(e) to raise arguments or evidence that should have been raised in the first instance or to re-hash arguments previously considered and rejected by the court."[4]

The Court having considered all matters filed in connection with the Motion and the entire record, finds that Plaintiff has failed to show grounds to alter or amend the dismissal order.  Plaintiff's arguments are either a re-hash of its previous arguments, or are an attempt to raise matters in the first instance.  It is therefore

ORDERED that Plaintiff's Rule 59 Motion to Alter or Amend Judgment and Request for oral argument (Docket No. 28) is DENIED.

DATED  June 19, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir.  1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)) (other quotations omitted).

[4] *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989).